## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Emma Jessica Alfonso,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.:** |
| **vs.** | _____ |
| **THE SHIRAZI LAW GROUP, INC.; AMNA SHIRAZI, INDIVIDUALLY,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW, Plaintiff Emma Jessica Alfonso (hereinafter "Plaintiff Alfonso"), in her Complaint against Defendants The Shirazi Law Group, Inc. (hereinafter "Shirazi Law Group") and Amna Shirazi (hereinafter "Defendant Shirazi") (collectively "Defendants") showing the Court as follows:

### INTRODUCTION

1.      This is an action arising out of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.  Plaintiff is a resident of the State of Georgia and former employee of Shirazi Law Group, which was the FLSA employer of Plaintiff for the relevant period of time.  Plaintiff served in the capacity of a legal assistant and was paid a salary for forty hours of work per week.  Plaintiff brings this action to recover from Defendants unpaid overtime compensation, liquidated damages,

attorneys' fees, and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), as described below.

2.     From the commencement of Plaintiff's employment at the law firm through the termination, Plaintiff regularly worked more than 40 hours a week. However, Defendants failed to pay time and one-half for hours worked over 40 hours weekly.  Consequently, Plaintiff was never paid overtime as required by the Fair Labor Standards Act.

## PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff Emma Jessica Alfonso resides in Fulton County Georgia at 4825 Morton Chase Drive, Johns Creek, GA 30022.

4.     The Shirazi Law Group, Inc. is and was a Georgia corporation doing business in this judicial district with its principal place of business in Gwinnett County at 5720 Buford Highway, Suite 311, Norcross, Georgia 30071. The Shirazi Law Group, Inc. may be served by its registered agent, Amna Shirazi, at the same address.

5.     Defendant Shirazi is the owner, founder, and operator of The Shirazi Law Group.  Defendant Shirazi ran the day-to-day corporate operations of The Shirazi Law Group for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period.  Defendant Shirazi is believed to

reside in Norcross, Georgia. Defendant Shirazi may be served personally at 5720 Buford Highway, Suite 311, Norcross, Georgia 30071.

6.    Defendants' business activities involve those to which the Fair Labor Standards Act applies, and Defendants are employers under the FLSA, 29 U.S.C. § 203.

7.    Specifically upon information and believe Defendant Shirazi Law Group is a covered employer under the FLSA under the FLSA, 29 USC § 203.

8.    Defendant Shirazi is individually liable under the FLSA because as the owner, founder, and operator of the law firm she controlled the corporation's financial affairs and caused the corporation to compensate Plaintiff in violation of the FLSA. Specifically, Defendant Shirazi exercised operational control over Plaintiff's work activities by fully controlling all aspects of the Plaintiff's pay, assignments, and job classification.

9.    Further, Defendant Shiraz's interest in the law firm and control over the firm's day-to-day functions evidence her role in causing the FLSA violation.

10.    At all relevant times, Defendant Shirazi has been an "employer" as defined in FSLA § 3(d), 29 U.S.C. § 203(d).

11.    At all times material hereto, Plaintiff Alfonso was an "employee" of Defendant Shirazi Law Group as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) because from 2003 through 2014 Plaintiff Alfonso was "engaged in commerce" as

3

an employee of Defendant Shirazi Law Group as defined by the FLSA 7(a)(1), 29 U.S.C. 207(a)(1).

**12.** Plaintiff is individually covered under the FLSA because Plaintiff's work constitutes an engagement in interstate commerce, or the production of goods for interstate or foreign commerce, including any closely related process or occupation directly essential to such production. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period.  Plaintiff's work for the Defendant engaged in interstate commerce for the relevant time period because Plaintiff's employment utilized telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiff's work with same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

**13.** This Court has original jurisdiction upon the Plaintiff's claims, based upon the Plaintiff's FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337.

**14.** Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c) because Defendants reside and do business in this judicial district and a substantial

portion of the evidence giving rise to the claims herein arose in this judicial district.

## FACTS

**15.** Plaintiff Alfonso was employed with The Shirazi Law Group from 2003 – 2014 as a legal assistant performing general office jobs like answering phones, file management, assisting with legal pleadings.

**16.** At all relevant times, Plaintiff Alfonso spent much of her time organizing exhibits according to the table of contents prepared for an immigration hearing, labeling the exhibits, making sets of copies for the immigration judge and the chief counsel, filling out applications and preparing packets with the respective supporting documents in order to be filed before the Citizenship & Immigration Services or the US Department of State, calling clients to collect money, and preparing excel spreadsheets with report of the phone calls and client's responses. These are not duties that would render her exempt under the FLSA.

**17.** Plaintiff Alfonso should have been characterized as a non-exempt employee and entitled to overtime at the time of her hiring and throughout the course of her employment with Defendant Shirazi Law Group; however, at all relevant times, Plaintiff Alfonso was classified as exempt and not paid any overtime.

**18.** During the relevant time, she was characterized as a 1099 independent contractor and was not ever paid overtime as required by 29 U.S.C. § 207(a)(1).

**19.** Plaintiff should have been classified as an employee because if the work performed by a worker is integral to the employer's business, it is more likely that the worker is economically dependent on the employer and less likely that the worker is in business for himself or herself. For example, work is integral to the employer's business if it is a part of its production process or if it is a service that the employer is in business to provide.

**20.** Further, Plaintiff did not purchase the telephone, computer, or paper products that she used while working for Defendant Shirazi Law Group, nor was Plaintiff expected to bring any of her own supplies.

**21.** Additionally, Plaintiff was not employed for a specific project or isolated period of time, but rather was hired indefinitely and was in fact employed with Defendant Shirazi Law Group for more than 10 years.

**22.** Also, Defendant Shirazi Law Group exercised a great degree of control over Plaintiff's employment. More specifically, Defendant Shirazi Law Group set pay amounts, work hours, determined how the work is performed, and controlled the location or site of the work. Further, Plaintiff did not have the authority to hire helpers.

23.     Defendants failed to keep required weekly time records as required by 29 U.S.C. § 211(c) (requiring every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him"); *see also* 29 C.F.R. § 516.2(a)(7) (requiring that employers maintain records of "[h]ours worked each workday and total hours worked each workweek" by employees).

24.     Plaintiff worked a minimum of 40 hours every week and on many weeks worked overtime because she would stay late to assist clients, would work on Saturday events hosted off site by Ms. Shirazi, or was given a company cell phone and required to answer calls from clients anytime of the day or night or on weekends.

25.     Defendants failure to pay Plaintiff overtime was willful because Defendants, an attorney and law firm, had full knowledge of FLSA.

## COUNT I – FLSA VIOLATIONS

26.     Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

27.     Defendants are employers under the FLSA, 29 U.S.C. § 203.

28.     Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

**29.**     During her employment with Defendants, Plaintiff Alfonso intermittently worked in excess of forty hours each week.

**30.**     Defendants' did not pay Plaintiff Alfonso at one and one half times her regular rate for work in excess of forty hours in any week.

**31.**     Defendants' policies, as stated above, have caused Plaintiff to be deprived of overtime due to her.

**32.**     Defendants' policies as stated above, constitute a violation of the 29 U.S.C. § 206, 207(a)(1) requiring overtime to be paid for all hours worked in excess of forty per week.

**33.**     Defendants willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty hours in any week.

**34.**     Plaintiff is entitled to payment of overtime in an amount to be determined at trial in accordance with 29. U.S.C. § 216(b).

**35.**     As a result of the underpayment of overtime, Plaintiff Alfonso is entitled to liquidated damages, litigation costs, and reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

**36.**     Under 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs in the amount of their unpaid overtime, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## COUNT II - 26 U.S.C.§ 7434 VIOLATION

**37.**    Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

**38.**    26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

**39.**    Defendants violated Section 7434 by issuing filing Form 1099s, which are considered to be information returns, for Plaintiff for tax purposes rather than W–2's.

**40.**    The information return, which characterized Plaintiff as an independent contractor and not an employee, was fraudulent. Given the facts above at paragraphs 15 through 22, Defendants, a law firm and an attorney, did not merely commit an error in misclassifying Plaintiff but rather made an intentional wrongdoing.

**41.**    Defendants willfully issued a fraudulent information return. Given the facts above at paragraphs 15 through 22, Defendants, a law firm and an attorney, were deceitful and/or exercised bad faith in connection with filing Plaintiff's information return.

**42.**     As a result of Defendants' violation of 26 U.S.C. § 7434 Plaintiff is entitled to an amount equal to the greater of $5,000 or the sum of: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a.     A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.     An award of past due wages for Plaintiff for the three years preceding the filing of this complaint;

c.     That the Court award Plaintiff liquidated damages for the violations of state law alleged herein;

d.     That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e.     That this Court award Plaintiff her reasonable attorneys' fees and expenses of litigation;

f.     That Plaintiff be awarded prejudgment interest, her costs and disbursements herein;

g.     Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

This 19th day of May, 2015.

Respectfully submitted,


By:    /s/ Douglas R. Kertscher
       Douglas R. Kertscher
       Georgia State Bar No. 416265
       Email:      drk@hkw-law.com
       *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770)  953-0995
Facsimile:   (770)  953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiffs hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 19th day of May, 2015.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:      drk@hkw-law.com
      *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770) 953-0995
Facsimile:  (770) 953-1358